IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRIDAY APALISKI, ANGELIQUE FISH, JOHN JOYAL, JAMIE WATERMAN, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 20-1548-RGA |
| MOLEKULE, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND <u>SCHEDULING A FINAL APPROVAL HEARING</u>**

Before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for Purposes of Settlement (the "Motion"). The Court, having considered the Motion, the supporting Opening Brief, the Declaration of Jason S. Rathod, the Parties' Class Action Settlement Agreement ("Agreement"), the proposed forms of notice to the Settlement Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown;

IT IS HEREBY ORDERED as follows:

**Preliminary Approval of Settlement Agreement**

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Molekule, Inc. ("Molekule" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement with Molekule set forth in the Agreement is fair, reasonable, and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

**Class Certification**

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons, other than Excluded Persons[1], who, during the Class Period, (a) purchased in the United States, any of the Air Purifiers from a third-party seller,

---

[1] Excluded Persons means (i) the Honorable Richard G. Andrews and any member of his immediate family; (ii) any government entity; (iii) Antonio Piazza and any member of his immediate family; (iv) Defendant; (v) any entity in which Defendant has a controlling interest;

2

including but not limited to, Amazon, b8ta, Best Buy, MoMa Design Store NYC, and Sprout as of [Preliminary Approval Date], and (b) as of [Preliminary Approval Date], had not agreed to the arbitration provision in Molekule's Terms & Conditions.

5. Subject to final approval of the Agreement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

>  (a) The Settlement Class is so numerous that joinder of all members is impracticable;
>
>  (b) There are questions of law or fact common to the Settlement Class;
>
>  (c) Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;
>
>  (d) The claims of Plaintiffs are typical of those of Settlement Class Members;
>
>  (e) Common issues predominate over any individual issues affecting the members of the Settlement Class;
>
>  (f) Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all of other members of the Settlement Class; and
>
>  (g) Settlement of the Litigation on a class action basis is superior to other means of resolving this matter.

6. The Court appoints Migliaccio & Rathod LLP and deLeeuw Law LLC as Class

---

(vi) any of Defendant's parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (vii) third-party sellers Amazon, b8ta, Best Buy, MoMa Design Store NYC, and Sprout; (viii) any persons who timely opt out of the Settlement Class; and (ix) any Person who signed a release regarding their Air Purifier.

Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court hereby appoints Plaintiffs Friday Apaliski, Angelique Fish, John Joyal, and Jamie Waterman to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

## Notice to the Settlement Class

8. The Court approves the proposed notices attached to the Agreement as Exhibits A, B1-B4, and finds that the dissemination of the Notices substantially in the manner and form set forth by the Agreement comply fully with the requirements of Rule 23 of the Federal Rules of Procedure and due process of law, and is the best notice practicable under the circumstances. Non-material modifications to the notices and Notice Plan may be made without further order of the Court if agreed to by the Parties.

9. The notice procedures described in the Notice Plan of the Agreement are hereby found to be the best means of providing notice under the circumstances; are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement; and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

10. The Claim Administrator is directed to carry out the Notice Plan, which shall be

11.

completed in the manner set forth in the Settlement Agreement. No later than thirty (30) days from the date of this Order preliminarily approving the Settlement (the "Notice Date"), the Claims Administrator shall initiate the Notice Plan, which shall be completed in the manner set forth in the Settlement Agreement.

12. On or at a reasonable amount of time after the Notice Date, third-party sellers of the Air Purifiers that have been subpoenaed by Plaintiffs, but who have not agreed to provide contact information of purchasers of Air Purifiers known to the third-party seller to Plaintiffs or the Claim Administrator, are authorized to send notice directly to such individuals, informing them of the Settlement. The notice sent by third-party sellers shall contain the same material information as in the Email Notice attached to the Agreement.

13. All costs incurred in disseminating and otherwise in connection with the Settlement Notice shall be paid from the Class Cash Fund or by Class Counsel (for which they may seek reimbursement at the Final Approval Stage), pursuant to the Settlement Agreement.

14. The claim form attached to the Agreement (Ex. A) satisfies the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus is approved for dissemination to the Settlement Class. The claim form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**Responses by Class Members and the Scheduling of a Final Approval Hearing**

15. Settlement Class Members may exclude themselves (the "Exclusion Deadline") or object up to twenty-one (21) days before the initially scheduled hearing date for the Motion for Final Approval. If any Settlement Class Member wishes to be excluded from this Settlement and the Settlement Class, the Settlement Class Member may do so by completing and submitting the

online form at the Settlement Website or by mailing a valid request to opt out, as described in the Long Form Notice, to the Claim Administrator. Requests for exclusion must be submitted online by the Exclusion Deadline, or if mailed must be received by the Claim Administrator (not just postmarked) by the Exclusion Deadline, or they shall not be valid. A Settlement Class Member who elects to opt out of this Settlement and the Settlement Class shall not be permitted to object to this Settlement or receive any of the benefits of the Settlement.

16. Any member of the Settlement Class that does not properly and timely request exclusion from the Settlement Class shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class member objected to the Settlement and whether or not such Class Member received consideration under the Settlement Agreement.

17. A hearing on the Settlement (the "Final Approval Hearing") shall be held on __January__ __7__, 2022, in the United States District Court of the District of Delaware, before Judge Richard G. Andrews at the J. Caleb Boggs Federal Building, 844 N. King St., Wilmington, DE 19801-3555, and may be held virtually.

18. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the Class Representatives, shall also be heard at the time of the hearing.

19. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

20. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement Agreement. Any Settlement Class Member may object to, among other things, (a) the Settlement Agreement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) service award requests, by serving a written objection upon Class Counsel and the Court.

21. Settlement Class Members making an objection must do so in writing. The objection must be mailed to Clerk, United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King St., Unit 9, Room 6325, Wilmington, DE 19801-3555 by the Objection Deadline. A copy of the Objection must be sent to: Jason S. Rathod, MIGLIACCIO & RATHOD LLP, 412 H St NE, Washington D.C. 20002, email: [jrathod@classlawdc.com](mailto:jrathod@classlawdc.com) . Objections must include the following information: (a) a reference at the beginning to this case, *Apaliski, et al. v. Molekule, Inc.*, Case No. 1:20-cv-01548- RGA, and the name of the presiding judge, Judge Richard G. Andrews, United States District Court for the District of Delaware; (b) the name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his/her counsel; (c) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (d) whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (e) a statement of his/her membership in the Settlement Class, including all information

7

required by the Claim Form; and (f) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any federal or state court in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement. Failure to include this information in the objection may result in the Objection being rejected and/or overruled.

22. If an objector intends to appear at the hearing, personally or through counsel, the objector must include with the objection a notice of the objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class member and each Settlement Class Member must have complied with the requirements of this Order. No objector may appear at the hearing unless the objector indicates an intent to appear.

23. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

24. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendant with respect to all of the Released Claims.

25. The Claim Administrator shall serve notice of this Settlement to appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. The Claim Administrator shall be responsible for drafting and preparing the notice in conformity with 28 U.S.C. § 1715 and for identifying the appropriate state and federal officials to be notified.

26. The schedule by which events referenced above and in the Agreement should occur

as follows:

| | |
|---|---|
| The Claim Administrator establishes the Class Cash Fund and Defendant funds the Class Cash Fund with $26,742 for the Claim Administrator to execute the Notice Plan. | 7 days after Preliminary Approval. |
| The Notice Date, which is the day on which the Claim Administrator initiates the Notice Plan, including disseminating notice to Settlement Class Members. | 30 days after Preliminary Approval. |
| Deadline for Settlement Class Members to post-mark or electronically submit Exclusion Forms, and Objections. | 21 days prior to the initially scheduled Final Approval Hearing date. |
| Deadline for Plaintiffs to move for Final Approval, Attorneys' Fees and Expenses, and for Service Awards | 35 days prior to the scheduled Final Approval Hearing date. |
| Deadline for Plaintiffs' Counsel to file exclusions and objections and supporting documentation with the Court. | 20 days prior to the scheduled Final Approval Hearing date. |
| Deadline for Claim Administrator to provide the Parties with information about the claims rate prior to the Final Approval Hearing. | 14 days prior to the scheduled Final Approval Hearing date. |
| Deadline for the Parties to file responses to objections and requests for exclusion. | 7 days prior to the scheduled Final Approval Hearing date. |
| Final Approval Hearing | No later than 120 days after entry of Preliminary Approval |

## **Administration of the Settlement**

27. The Court hereby appoints the Claim Administrator proposed by the parties, RG/2 Claims Administration LLC. Responsibilities of the Claim Administrator include:

(1)     Sending the notices approved by the Court;

(2)     Causing the Publication Notice to the Class Members approved by the Court to be published;

(3) Performing physical mailing address and email address updates and verifications prior to the distribution of the Postcard Notice;

(4) Performing a single skip trace to identify Class Members' addresses and to follow up on any returned Postcard Notices;

(5) Creating and maintaining the Settlement Website and a toll-free number that Class Members can contact to request a copy of this Agreement, a Long Form Notice, and/or a Claim Form, and/or to obtain any other information concerning this Settlement or this Agreement;

(6) Consulting with Defendant's Counsel and/or Class Counsel concerning any relevant issues, including (without limitation) distribution of the Class Notice and processing of Claim Forms;

(7) Processing and recording timely and proper requests for exclusion from or objections to the Settlement;

(8) Processing and recording Claim Forms;

(9) Preparing, drafting, and serving the CAFA Notice;

(10) Calculating *pro rata* amounts of the Class Cash Fund and Class Coupon Fund;

(11) Transmitting Coupons to Class Members who qualify;

(12) Transmitting Cash Payments to Class members who qualify; and

(13) Such other tasks as the Parties mutually agree or the Court orders the Claim Administrator to perform in connection with the Agreement.

## Additional Provisions

28. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any

proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Molekule as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the proposed settlement.

SO ORDERED this __12__ day of ____October____, 2021,

/s/ Richard G. Andrews

United States District Judge