IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRIDAY APALISKI, ANGELIQUE FISH, JOHN JOYAL and JAMIE WATERMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MOLEKULE, INC.,<br><br>Defendant | ) <br>) Case No. 1:20-cv-01548-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AN AWARD OF ATTORNEYS' FEES AND COSTS, AND A SERVICE AWARD FOR THE NAMED PLAINTIFFS

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an order granting final approval of the class action settlement involving Plaintiffs Friday Apaliski, Jamie Waterman, Angelique Fish, and John Joyal (hereinafter "Plaintiffs") and Defendant Molekule, Inc. (hereinafter "Defendant"), as fair, reasonable and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding a service payment to Plaintiffs as detailed below (hereinafter the "Motion").

Having reviewed and considered the Parties' Class Action Settlement Agreement ("Agreement") and the application for final approval of the settlement, an award of attorneys' fees and costs, and a service award to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to

1782883

approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ORDERED** that:

1. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant, and any party to any agreement that is part of or related to the Agreement.

3. On October 12, 2021, the Court entered a Preliminary Approval Order that, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Class Representatives, and appointing Migliaccio & Rathod LLP and deLeeuw Law LLC as Class Counsel; (b) preliminarily approved the Agreement; (c) approved the form and manner of notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing.

4. In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons, other than Excluded Persons, who, during the Class Period, (a) purchased in the United States, any of the Air Purifiers from a third-party seller, including but not limited to, Amazon, b8ta, Best Buy, MoMa Design Store NYC, and Sprout as of [Preliminary Approval Date], and (b) as of [Preliminary Approval Date], had not agreed to the arbitration provision in Molekule's Terms & Conditions.

Excluded Persons means (i) the Honorable Richard G. Andrews and any member of his immediate family; (ii) any government entity; (iii) Antonio Piazza and any member of his immediate family; (iv) Defendant; (v) any entity in which Defendant has a controlling interest; (vi) any of Defendant's parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (vii) third-party sellers Amazon, b8ta, Best Buy, MoMa Design Store NYC, and Sprout; (viii) any persons who timely opt out of the Settlement Class; and (ix) any Person who signed a release regarding their Air Purifier.

5. The Court, having reviewed the terms of the Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the Agreement is fair, reasonable and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

6. The Agreement provides, in part, and subject to a more detailed description of its settlement terms, for:

   a. Defendant to fund a Class Cash Fund of up to $1.3 million and Cash Coupon Fund of up to $1.4 million. The Claims Administrator, which has been mutually agreed upon by Class Counsel and Defendant, shall disperse the funds as outlined in the Agreement.

   b. The Claims Administrator costs, which shall be no more than $100,000 dollars, are deducted from the Class Cash Fund.

   c. Class Counsel may make an application to the Court for an award of Attorneys' Fees and Expenses not to exceed $410,000 in cash, as well as a Service Award of

1782883

$5,000 to each of the Named Plaintiffs. The Service Awards and Attorneys' Fees and Expenses awarded by the Court shall be paid from the Class Cash Fund.

7. The terms of the Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Agreement.

8. Notice of the Final Approval Hearing, the application for counsel fees and costs, and the proposed payments to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of notice has been filed with the Court by the Parties.

9. The Court finds that such notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10. As of the opt-out deadline, four potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in this Court's Preliminary Approval Order.

11. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12. Pursuant to the Agreement, Defendant, the Claim Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

13. Pursuant to the Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> *8.1. Releases Regarding Named Plaintiffs (Class Representatives) and Released Parties. Upon the Effective Date, Named Plaintiffs shall have unconditionally, completely, and irrevocably released and forever discharged the Released Parties from and shall be forever barred from instituting, maintaining, or prosecuting (1) any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, whether based upon any violation of any state or federal statute or common law or regulation or otherwise, or arise directly or indirectly out of, or in any way relate to, the allegations, claims, or contentions that Named Plaintiffs have had in the past, or now have, related in any manner to the Defendant's products, services or business affairs; and (2) any and all other claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Named Plaintiffs have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.*
>
> *8.2. Releases Regarding Settlement Class Members and Released Parties. Upon the Effective Date, Settlement Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that were, or could have been, asserted in the Litigation and that arise out of or relate to the Allegations, or could have been asserted in the Litigation regarding the labeling, marketing, advertising, sale, or servicing of the Air Purifiers (the "Released Claims"), except that there shall be no release of claims for personal injury allegedly arising out of use of the Air Purifiers. Upon Final Approval, Settlement Class Members shall be forever barred from initiating, maintaining, or prosecuting any Released Claims against Released Parties.*

Released Claims shall not include the right of any Settlement Class Member or any of the released persons to enforce the terms of the settlement contained in the Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

14. Pursuant to the Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Plaintiffs in the total amount of $5,000 each as an

incentive payment for their efforts on behalf of the Settlement Class. Payment shall be made pursuant to the terms of the Settlement Agreement.

15. The Court has appointed Migliaccio & Rathod LLP and deLeeuw Law LLC as Class Counsel.

16. The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees and costs in the amount of $410,000. Payment shall be made pursuant to the terms of the Agreement.

17. The schedule by which events referenced above and in the Agreement should occur as follows:

| | |
|---|---|
| Deadline for Defendant to Fund the Remainder of the Class Cash Fund. | 7 days after the Effective Date. |
| Deadline for the Claim Administrator to Pay Class Counsel Attorneys Fees | 21 days after the Effective Date. |
| Deadline for the Claim Administrator to Pay the Service Award to Class to Class Representatives | The earlier of (a) 21 days after the Effective Date or (b) Distribution Date. |
| Claim Filing Deadline | 200 days after the Notice date. |
| Deadline for Claim Administrator to Approve or Deny Claims. | 30 days after the Claim Filing Deadline. |

| Allocation Date | 45 days after the later of (a) the Claim Filing Deadline or (b) the Effective Date. |
|---|---|
| Distribution Date | 60 days after the later of (a) the Claim Filing Deadline or (b) the Effective Date. |

18. This Order resolves all claims against all parties in this action and is a final order.

19. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

SO ORDERED this 25th day of January, 2022

Honorable Richard G. Andrews
United States District Judge

1782883

# EXHIBIT A

1782883

## Exclusion Requests

- Sophie Ashwin
- Martin Doyle
- Donna Frayn
- Kenji Motomatsu

1782883